KIMBERLY WATKINS, on behalf of
A.W.E., a minor,

   Plaintiff,

          Case No. 2:17-cv-370
 v.        **CHIEF JUDGE EDMUND A. SARGUS, JR.**
          **Magistrate Judge Elizabeth Preston Deavers**
Commissioner of Social Security,

   Defendant.

## ORDER

This matter is before the Court for consideration of Plaintiff Kimberly Watkins'

("Watkins") *First Motion for Attorneys' Fees* (ECF No. 26), pursuant to the Equal Access to

Justice Act ("EAJA"), 28 U.S.C. § 2412, and Defendant Commissioner of Social Security's

("Commissioner") *Memorandum in Opposition.* (ECF No. 28). For the reasons that follow, the

Court **GRANTS in PART and DENIES in PART** Watkins' *First Motion for Attorneys' Fees*,

and awards Watkins $6,770.12. If Watkins does not owe a debt to the United States, the

Government should honor an assignment of Watkins' EAJA fees to her counsel.

## I.

Watkins filed an application for Supplemental Security Income under Title XVI of the

Social Security Act (the "SSA") on behalf od A.W.E., a minor. On February 28, 2017, an

Administrative Law Judge found that A.W.E. was not disabled under the SSA. Tr. 841–64.

Watkins appealed the decision. (ECF No. 3). On August 6, 2018, the Magistrate Judge issued a

Report and Recommendation, advising that the matter be reversed and remanded for further

consideration of Watkins' claim. (ECF No. 23). On August 29, 2018, the Court adopted the

Magistrate Judge's Report and Recommendation and remanded the matter for further proceedings. (ECF No. 24).

On November 26, 2018, Watkins filed a *First Motion for Attorneys' Fees* (ECF No. 26) and an Affidavit in Support. (ECF No. 27). Watkins seeks an award of $9,080.92 in fees based on 44.2 hours of attorney work at an hourly rate of $189.41, 2.6 hours of law clerk work at an hourly rate of $125.00, and 7.3 hours of paralegal work at an hourly rate of $80.00. *Id.* at 4. That is 54.1 hours of total work. The Commissioner requests the Court to reduce Watkins' award solely because, in the Commissioner's view, the number of hours Watkins' counsel worked on this case is unreasonable.

## II.

Attorney's fees claimed under the EAJA must be reasonable. *Glass v. Sec'y of Health and Human Servs.*, 822 F.2d 19, 21 (6th Cir. 1987). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). The Sixth Circuit has recognized that "the rate-times-hours method of calculation, also known as the 'lodestar' approach, includes most, if not all, of the factors relevant to determining a reasonable attorney's fee." *Glass*, 822 F.2d at 21 (citing *Coulter v. State of Tenn.*, 805 F.2d 146, 149 (6th Cir. 1986)).

This district recognizes that there is no bright-line rule for determining a reasonable amount of time spent on social security appeals. *Spiller v. Comm'r of Soc. Sec.*, 2:11-cv-94, 2013 WL 361052, *3 (S.D. Ohio Jan. 29, 2013); *Crim v. Comm'r of Soc. Sec.*, No. 1:11-cv-137, 2013 WL 1063476, *8 (S.D. Ohio Mar. 14, 2013) (M.J. Bowman) *adopted by*, 2013 WL 3367337, *1 (S.D. Ohio July 5, 2013). This district also recognizes that only unusual social

security appeals "of advanced complexity" require 40 or more hours of work. *Crim*, 2013 WL 1063476, at *5 (citing *Spiller*, 2013 WL 361052 at *3). That is not this case, which instead is a child's disability matter that required weighing opinion evidence and applying it to a well-established list of elements. On that basis, the Court finds that the amount of time spent on Watkins' brief—almost 38 hours—is excessive, regardless of the brief's high-quality or success in persuading this Court.

In conclusion, the Court reduces the amount of attorney work from 44.2 hours to 32. This reduction reflects the complexity of the case, the length of the administrative record, counsel's familiarity with the case, and the legal research required to address the material issues. *See Crim*, 2013 WL 1063476 at *8.

### III.

Accordingly, the Court **GRANTS in PART and DENIES in PART** Watkins' *First Motion for Attorneys' Fees* (ECF No. 26), and awards Watkins $6,770.12. If Watkins does not owe a debt to the United States, the Government should honor an assignment of Watkins' EAJA fees to her counsel.

**IT IS SO ORDERED.**

3-21-2019
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**